UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMERICAN INTER-FIDELITY CORP., an Indiana Corporation, as Attorney in Fact for AMERICAN INTER-FIDELITY EXCHANGE, | ) ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 15 C 4545 ) |
| M.L. SULLIVAN INSURANCE AGENCY, INC. a/k/a Sullivan & Associates-Insurance and Risk Management and a/k/a Transportation Insurance Solutions, Inc.; SEBASTIAN MIKLOWICZ, individually and as agent of M.L. Sullivan Insurance Agency, Inc., and Transportation Insurance Solutions, Inc.; and TRANSPORTATION INSURANCE SOLUTIONS, INC., | ) Judge Rebecca R. Pallmeyer ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff American Inter-Fidelity Exchange ("AIFE") provides liability insurance for trucking and other interstate transportation enterprises ("carriers"). (Fourth Am. Compl. [110] ¶ 2.) Premiums for the insurance coverage are calculated on the basis of the number of vehicles operated by the insured carriers, and the number of miles driven. (See *id.* at ¶¶ 20–28.) In this lawsuit, Plaintiff claims that Defendants, M.L. Sullivan Insurance Agency, Inc. ("Sullivan"); Transportation Insurance Solutions, Inc. ("TIS"); and their agent, Defendant Sebastian Miklowicz, who acted as agents of the insured carriers, have withheld premiums owed to AIFE for the coverage it provided. (*Id.* at ¶ 31.)

In its most recent iteration, Plaintiff's complaint alleges that Defendants are in the business of "provid[ing] insurance and risk management services to various individuals and businesses," including at least some carriers insured by Plaintiff. (*Id.* at ¶¶ 3–4.) According to Plaintiff, Defendants collected premiums from the carriers they represented based on accurate

mileage and vehicle numbers, but then under-reported those figures to Plaintiff. Defendants allegedly paid Plaintiff premiums based on these inaccurately low mileage and vehicle numbers, retaining for themselves the higher premium commensurate with the risk Plaintiff had underwritten. (*Id.* at ¶¶ 30–31.) The Fourth Amended Complaint asserts, against all Defendants, a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act (Count I); a claim of breach of contract (Count II) and for an accounting (Count III) against Defendant Sullivan; and, against all Defendants, a claim of conversion (Count IV), breach of fiduciary duty (Count V), constructive trust (Count VI), unjust enrichment (Count VII), and negligent misrepresentation (Count VIII). Finally, Plaintiff alleges a claim of negligent supervision against Sullivan and TIS (Count IX); claims Miklowicz is liable for fraud (Count X); and seeks a constructive trust against Miklowicz individually (Count XI).

Defendants have filed motions to dismiss several of the counts. As explained below, the motions are granted in part and denied in part.

## DISCUSSION

The court addressed some of the arguments raised here when it granted Defendants Sullivan and Miklowicz's motions to dismiss an earlier version of Plaintiff's complaint.[1] *Am. Inter-Fid. Corp. v. M.L. Sullivan Ins. Agency, Inc.*, No. 15 C 4545, 2016 WL 3940092 (N.D. Ill. July 21, 2016). The court assumes familiarity with that earlier opinion and addresses the current motions only briefly.

I.  **Count I: Illinois Consumer Fraud and Deceptive Business Practices Act**

Defendants argue that Plaintiff's Consumer Fraud claim fails because the scheme alleged by Plaintiff does not implicate consumer protection concerns. The court agrees. In its

---

[1] This is Plaintiff's fourth amended complaint, but it is the first that names TIS as a Defendant. The relationship between Sullivan and TIS is unclear; according to the complaint, Sullivan is "also known as" Transportation Insurance Solutions, yet it is also named separately. TIS has filed its own motion to dismiss, and though it adopts Sullivan's arguments, it does not suggest that Transportation Insurance Solutions is merely an alias for Sullivan. The court assumes TIS is an independent entity but notes that Plaintiff has alleged no independent action on the part of TIS.

various pleadings, Plaintiff has described the alleged wrongdoing in different ways, but Plaintiff appeared to settle on a theory in its brief in response to earlier motions to dismiss. That brief, consistent with this Fourth Amended Complaint, described Defendants' alleged scheme as one in which insured carriers provided accurate information to Defendants; but Defendants, apparently acting as agents for the insured carriers or in some brokerage capacity, underreported the risk and underpaid Plaintiffs for the coverage it was contractually bound to provide. *See id.* at *5. That is, Plaintiff is responsible for covering all losses that the insured carriers may suffer, but is not being paid the full cost of that coverage. As the court explained in its earlier opinion, "if [Sullivan's] conduct only caused Plaintiff (an insurer) to lose premiums it was owed while the consumer carriers were fully insured by coverage for which they paid the appropriate premium rate, it is difficult to see how [Sullivan's] alleged conduct 'implicates consumer protection concerns.'" *Id.* (quoting *Roppo v. Travelers Companies*, 100 F. Supp. 3d 636, 651 (N.D. Ill. 2015)).

Plaintiff's response to this argument is unsatisfying. Plaintiff cites *Downers Grove Volkswagen, Inc. v. Wigglesworth Imports, Inc.*, 190 Ill. App.3d 524, 534, 546 N.E.2d 33, 41 (2d Dist. 1989), where the court recognized that a business may pursue a Consumer Fraud Act claim to challenge trade practices that are "addressed to the market generally or otherwise implicate[] consumer protection concerns." The circumstances in that case were quite different: the plaintiff in *Downers Grove Volkswagen* alleged that the defendant had made false statements about the plaintiff's pricing, potentially misleading consumers. *Id.* Plaintiff in this case alleges that Defendant made false statements to it, not to consumers. Plaintiff suggests that Defendants' conduct harmed the insured truck carriers "by jeopardizing their insurance coverage" (Pl.'s Resp. in Opp. to Def. Miklowicz's Mot. to Dismiss ("Resp. to Miklowicz's Mot.") [136] at 2), but Plaintiff has not explained how this is. Plaintiff does not allege that it has terminated or will terminate any consumer's coverage for wrongdoing on the part of Defendants, or that any of the insured carriers will be denied coverage for covered losses. So long as the

3

insured carriers enjoy full coverage for any losses, they have suffered no harm. It was Plaintiff, allegedly on the hook for insuring a greater risk than accurately reported, who has been injured. Plaintiff's allegations satisfy the court that Plaintiff was harmed, but do not establish a scheme that harms consumer interests.

Count I is dismissed.

## II.    Count II:  Breach of Contract

In response to Defendant Sullivan's motion to dismiss the breach of contract claim, Plaintiff has withdrawn this count. Count II is dismissed without prejudice.

## III.    Count III:  Accounting

In Count III, Plaintiff seeks an accounting. To state such a claim, Plaintiff must allege that it lacks an adequate remedy at law and one of the following circumstances: "(1) a breach of a fiduciary relationship between the parties; (2) a need for discovery; (3) fraud; or (4) the existence of mutual accounts which are of a complex nature." *Cole-Haddon, Ltd. v. The Drew Philips Corps.,* 454 F.Supp.2d 772, 778 (N.D. Ill. 2006) (quoting *Mann v. Kemper Fin. Cos.*, 247 Ill. App. 3d 966, 980, 618 N.E.2d 317, 327 (1st Dist. 1992). In seeking dismissal of this count, Defendants argue, first, that Plaintiff has not alleged the absence of a remedy at law and, second, that an accounting is not necessary where the parties are engaged in ample ongoing discovery. Neither argument is persuasive to the court. First, equitable relief may well be appropriate in this context; indeed, Defendants have not moved to dismiss Plaintiff's claim for breach of fiduciary duty. It is not clear that there is any obviously available remedy at law: Plaintiff alleges that Defendants made false statements that harmed Plaintiff, but Plaintiff concedes it does not have a breach of contract claim, and Defendants have challenged the negligent misrepresentation claims, as well.

Nor does the fact that discovery is ongoing defeat the argument that an accounting is necessary. At a hearing on this motion, Defendants conceded that discovery reveals many disputed facts. The records of each insured carrier's vehicles, miles driven, and payments

4

made, appear to be voluminous and confusing. These circumstances, in the court's view, are tailor-made for the remedy Plaintiff seeks in Count III. Defendants' motions to dismiss this count are denied.

## IV.  Count IV:  Conversion

Count IV is a claim for conversion.  Such a claim requires allegations that the defendants have taken unauthorized and wrongful control over plaintiff's property, that plaintiff had the absolute right to immediate possession of the property, and that plaintiff has demanded its return.  *G.M. Sign, Inc. v. Elm St. Chiropractic, Ltd.,* 871 F. Supp. 2d 763, 767 (N.D. Ill. 2012) (quoting *General Motors Corp. v. Douglass*, 206 Il. App. 3d 881, 885, 565 N.E.2d 93, 96–97 (1st Dist. 1990)).  An asserted right to money generally does not support a claim for conversion under Illinois law, however.  *Horbach v. Kaczmarek*, 288 F.3d 969, 978 (7th Cir. 2002).  The only exception is this rule is when the money at issue is "specific chattel"—that is, "a specific fund or specific money in coin or bills."  *Id.* (internal citation and quotation marks omitted).

Whether that exception is available here is a difficult question.  The Illinois courts have taken a variety of approaches to determining whether a sum of money is sufficiently "specific and identifiable" to support a claim of conversion*.  Compare Chicago Dist. Council of Carpenters Welfare Fund v. Gleason and Fritzhall*, 295 Ill. App.3d 719, 726, 693 N.E.2d 412, 417 (1st Dist.1998) (allegedly converted funds were sufficiently specific when described by a particular check) *with General Motors Corp. v. Douglas*, 206 Ill. App. 3d 881, 886, 892, 565 N.E.2d 93, 97, 100 (1st Dist. 1990) (no conversion when the defendant refused the plaintiff's demand to return an overpayment because the check was not a specific chattel).  No case that this court has identified, however, involves a claimed amount as uncertain as this one.  Although the case is still at the pleading stage, it appears that discovery has revealed disputes about sums collected by Defendants and the amounts to which Plaintiff was entitled.  In *Addante v. Pompilio*, 303 Ill. App. 172, 173, 25 N.E.2d 123, 123 (1st Dist. 1940), cited by Plaintiff, there was no dispute about the sum at issue:  plaintiff had given defendant a $3000 deposit, which

5

defendant converted to his own use.  Here, in contrast, Plaintiff admits he is "still in the process of determining the exact dollar amount that Miklowicz converted."  (Resp. to Miklowicz Mot. at 8.)  As the specific amount owed is a matter of dispute, the court concludes this is not a claim for conversion.  Count IV is dismissed.

## V.      Count VI, XI:  Constructive Trust

Plaintiff concedes there is no stand-alone claim for constructive trust.  (Pl.'s Resp. to Defs.' Sullivan and Transportation Insurance Solutions Mot. to Dismiss [134] at 14; Plaintiff's Resp. to Miklowicz Mot. at 11.)  Instead, constructive trust is a remedy that will be imposed if Plaintiff proves that Defendants wrongfully retained funds to which Plaintiff is entitled.  Count VI is dismissed without prejudice to imposition of a constructive trust, should Plaintiff prevail on its substantive claims.

## VI.     Count VII:  Unjust Enrichment

Defendant Sullivan urges that unjust enrichment, too, is a remedy rather than an independent cause of action.  (Mem. of Sullivan in Supp. of Mot. to Dismiss [117-1] at 11–12.)  In the court's view, the law is not so clear.  As described in *Stevens v. Interactive Fin. Advisors, Inc.*, No. 11 C 2223, 2015 WL 791384, at *16 (N.D. Ill. Feb. 24, 2015), the case law in Illinois is somewhat uncertain, but the Seventh Circuit concludes that "[t]he Illinois Supreme Court appears to recognize unjust enrichment as an independent cause of action."  *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 516 (7th Cir. 2011).  To state such a claim, plaintiff must "allege that the defendant has unjustly retained a benefit to the plaintiff's detriment, and that defendant's retention of the benefit violates the fundamental principles of justice, equity, and good conscience."  *Id.* (internal citation and quotation marks omitted).  This court agrees with its colleague that a claim of unjust enrichment "is a theory of liability under which the law imposes an obligation upon the defendant to repay a benefit that it obtained at the plaintiff's expense, even in situations where the defendant does not owe a contractual duty to repay and has not

committed an independent tort directed at the plaintiff." *Stevens*, 2015 WL 791384, at *16. The circumstances alleged here support such a claim. The motion to dismiss Count VII is denied.

### VII.     Count VIII:  Negligent Misrepresentation

The court addressed this claim at some length in its earlier opinion, and stands by the determination it made there:  Plaintiff's allegations do not satisfy the court that Defendant Miklowicz was in the business of "providing information for the guidance of others in their business transactions[.]"  *See Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 89, 435 N.E.2d 443, 452 (1982).  Instead, Miklowicz acted as a conduit of information furnished by the insured carriers.  Plaintiff challenges this conclusion, asserting that Miklowicz became "an independent information provider when he falsified the number of power units and mileage, and then provided that false information to Plaintiff."  (Resp. to Miklowicz Mot. at 14.)  Respectfully, the fact (if proven) that Miklowicz failed in his responsibility to convey accurate information does not convert that responsibility to something other than what it was: a conduit for information.  For the reasons explained in the court's earlier opinion, Count VIII is dismissed.

### **CONCLUSION**

Defendants' motions to dismiss [117, 118, 120] are granted in part and denied in part. Count II is withdrawn.  Counts I, IV, VI, VIII, and XI are dismissed.  The remaining counts survive this motion.  Defendants are directed to answer the counts that survive this motion within 21 days.  The parties are encouraged to pursue settlement efforts.

ENTER:

Dated:  June 9, 2017

_____
REBECCA R. PALLMEYER
United States District Judge